In the Matter of CRISTINO C. ABASOLO, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 1987

## APPEARANCES OF COUNSEL

*Kim D. Ringler* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Cristino C. Abasolo,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Cristino C. Abasolo, Jr., was admitted to practice by the Second Department on December 23, 1981. He maintained a law office in the First Department throughout the period relevant to the current investigation by the Departmental Disciplinary Committee.

Respondent, by affidavit, tenders his resignation pursuant to 22 NYCRR 603.11. Respondent does so freely and voluntarily with the knowledge that an investigation is pending into allegations that he engaged in professional misconduct.

In May 1984, respondent was retained to marshal and to distribute the assets of Melesio Gapus who had died on April 28, 1984. Despite the fact that a will executed by the deceased had been admitted to probate and letters testamentary issued to the New Jersey attorney named as executor, respondent misrepresented to banks where the deceased maintained accounts that he had died intestate and that his cousin, Ralph Misanes, was the administrator of the estate. Similar misrepresentations were made to the New Jersey Department of Treasury, Transfer Inheritance Tax Bureau. Based on these misrepresentations, respondent obtained the release of approximately $95,000 from three New Jersey banks. The moneys were deposited in an interest-bearing account in the names of both respondent and Misanes. Respondent also received $15,000 from the sale of the deceased's property. Contrary to the instructions of the estate's executor, respondent disbursed all but about $1,000 of the moneys received. No accounting of the funds was ever given to either Misanes or the deceased's other relatives and no contemporaneous records were kept by respondent who admits that he converted approximately $25,200 to his own use.

Following the intervention of the Hudson County, New Jersey, prosecutor's office, respondent agreed to send $10,000 to the deceased's niece. Although a copy of a check payable to her was shown to the prosecutor's office in November 1986, that check was never sent to her. In May of 1987, respondent remitted "some monies" to the niece.

Respondent is aware that the allegations now under investigation could result in charges of misappropriation of funds, conversion, breach of fiduciary duty, improper handling of escrow moneys, and misrepresentation. Moreover, if such charges were brought against him, respondent acknowledges that he could not successfully defend himself on the merits. In tendering his resignation, respondent, a permanent resident alien of the United States, states that he is preparing to return to his native country.

The Departmental Disciplinary Committee recommends acceptance of respondent's resignation pursuant to 22 NYCRR 603.11. Respondent's resignation is accepted and his name

shall be removed from the roll of attorneys and counselors-at-law forthwith.

SANDLER, J. P., MILONAS, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Resignation of respondent as an attorney and counselor-at-law in the State of New York accepted.